UNITED STATES GRAPHITE CO. *v.* SAGINAW CIRCUIT JUDGE.

1. APPEAL AND ERROR—BILL OF EXCEPTIONS—DENIAL OF MOTION FOR A NEW TRIAL.
   Mandamus will issue to compel a circuit judge to incorporate in the bill of exceptions his reasons and opinion filed without a request therefor in denying a motion for a new trial. 3 Comp. Laws, § 10504.

2. SAME — SAVING QUESTIONS FOR REVIEW — TIME TO EXCEPT ON REFUSAL OF NEW TRIAL.
   An appellant may have the period to the settlement of his bill of exceptions in which to except to the denial of his motion for a new trial.

3. SAME—EXCEPTIONS—OPINION ON MOTION FOR NEW TRIAL.
   Until the bill of exceptions is settled, the circuit judge may file supplemental reasons, which are subject to exception, and may in a proper case vacate his order and grant a new trial.

Mandamus by the United States Graphite Company to compel William G. Gage, circuit judge of Saginaw county, to settle a bill of exceptions. Submitted October

19, 1909. (Calendar No. 23,526.) Writ granted November 5, 1909.

*Humphrey & Grant,* for relator.

*Beach, O'Keefe & Rockwith,* for respondent.

BROOKE, J. Judgment was entered against relator at the suit of one John B. Lee, on October 12, 1908. Thereafter, and within the time limited by the court, a motion for a new trial was made. This motion was argued on December 21, 1908, and no written demand was made upon the circuit judge to file written reasons upon his denial of said motion. On January 21, 1909, the court denied the motion for a new trial, at the same time filing an opinion in which he set forth at large certain reasons for refusing to grant a new trial. On February 23, 1909, relator caused to be filed its exceptions in writing to the order overruling its motion for a new trial, and to each and all of the reasons given by the court in writing in his said opinion. Relator then prepared its bill of exceptions, and included therein its motion for a new trial, the opinion of the court filed upon the denial thereof and its exceptions thereto. When the bill of exceptions was presented to the court for his signature, counsel for Lee urged that the proceedings touching the motion for new trial should not be included, for the reasons: (1) That no written demand had been made upon the court to file written reasons for his denial of the motion; and (2) because exceptions to the opinion of the court had not been filed within 15 days from the date of its filing. The court thereupon declined to incorporate said proceedings in the bill of exceptions. Relator asks that a writ of mandamus issue, requiring the court to include said proceedings.

Respondent, in his return to the order to show cause, issued herein—

" Denies that he handed down and filed with the clerk of said court an opinion embodying therein his reasons in detail for overruling said motion for a new trial, and for

refusing to set aside the verdict and judgment in said cause, but admits that he did file with the clerk of said court an opinion in said cause, in which he set forth some reasons for denying the motion for a new trial, but respectfully returns and submits to the Supreme Court that no reasons were given by him in this opinion on many of the grounds urged by petitioner for a new trial, and that, if this respondent had been requested to give his reasons for overruling said motion, he would have filed an entirely different document than the one filed in this cause, in that it would have given in full his reasons for denying the motion for a new trial on all the grounds stated in petitioner's motion."

An examination of the opinion shows that it covers 13 pages of the printed record; that it purports to consider *seriatim* the first seven grounds urged by the defendant (relator), and that it concludes with the statement:

"The other errors assigned being merely formal do not, I think, require separate consideration. I am of the opinion that none of them constitutes a ground for a new trial of this case, and the motion is therefore overruled."

The statute touching the question under consideration is 3 Comp. Laws, § 10504:

"*The People of the State of Michigan enact,* That in all cases hereafter taken to the Supreme Court on writ of error or appeal, where a motion for a new trial has been previously refused by the trial judge, the party appealing the same may incorporate in the bill of exceptions a record of all proceedings had on said motion for a new trial, including the reasons given by the trial judge in refusing to grant said new trial. Exceptions may be taken and error assigned on the decision of the circuit judge in refusing such motion, and the same shall be reviewed by the Supreme Court."

It will be noted that nowhere in this section is it made necessary for the party to demand either orally or in writing that the court file written reasons for his refusal to grant a new trial; indeed, it seems to have been contemplated by the legislature (though not expressed) that such written reasons would be filed upon the denial of the

motion in every case. At all events, it is a most commendable practice, and when, as in the case at bar, it has been done, the statute clearly gives the defeated party the right to incorporate the opinion in the bill of exceptions.

The authorities cited and relied upon by respondent are authority only for the proposition that reasons need only be filed when requested in writing previous to or at the time the motion is heard, and that, where no reasons are filed, the proceedings cannot be reviewed on writ of error. They do not touch the question under consideration. Must exceptions thereto be filed within 15 days? Respondent relies upon subdivision *e* of Circuit Court Rule 26 or upon subdivision *e* of Circuit Court Rule 2. We are of the opinion that neither of these subdivisions is applicable to the matter under consideration. It cannot be said that exceptions to the reasons for denying the motion for a new trial is in any sense a pleading, and we believe that all the ends of justice are served if such exceptions are filed in time to be incorporated in the bill of exceptions. Until the bill of exceptions is signed, the court may, as a matter of course, file supplemental reasons which may, as further matter of course, be excepted to, all of which should likewise be incorporated in the bill of exceptions when settled. Or, if the exceptions to his reasons be to him convincing, he may vacate his order denying a new trial and grant the same.

The writ will issue.

BLAIR, C. J., and GRANT, MONTGOMERY, and OSTRANDER, JJ., concurred.